UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| J'TTONALI ONE EYE EL-BEY,<br>Plaintiff,<br><br>v.<br><br>L. WALLACE, *et al.*,<br>Defendants. | Case No. 1:21-cv-389<br>Black, J.<br>Litkovitz, M.J.<br><br><br><br>**ORDER** |

This matter is before the Court on plaintiff[1] J'ttonali One Eye El-Bey's consolidation of action motion (Doc. 11), motion under exceptional circumstances for special appointment of counsel (Doc. 14), motion for default judgment filed November 15, 2021 (Doc. 16), motion for default judgment filed April 25, 2022 (Doc. 19), and motion to correct the spelling of plaintiff's true first name (Doc. 22). No responsive memoranda were filed as defendants have yet to appear or answer in this matter.

**I. Background**

Plaintiff, who travels under a Moorish American travel document (Doc. 1 at PAGEID 56), alleges that he and Taylor were driving in Franklin, Ohio on May 24, 2021, when law enforcement officers, "without any lawful purpose," "stopped, detained, threatened, assaulted, frisked, and arrested" him. (Doc. 1 at PAGEID 30). He references several inapplicable statutes (including sections of the Ohio Revised Code, banking regulations, and federal criminal statutes), but it appears he alleges that defendants violated his constitutional rights under color of

---

[1] The Complaint originally included Nichole L. Taylor as a second pro se plaintiff. (Doc. 1). On June 14, 2021, the Court ordered plaintiffs to pay the full filing fee of $402 and advised plaintiffs that, if they are unable to afford the filing fee, they must each submit an application and affidavit to proceed *in forma pauperis* no later than July 14, 2021. (Doc. 2). As Taylor neither paid the filing fee nor filed the required application and affidavit, her claims were dismissed from this case on July 26, 2021. (Doc. 5).

state law, in violation of 42 U.S.C. § 1983.[2]  Defendants have not responded to plaintiff's complaint.

## II. Plaintiff's Consolidation of Action Motion Must be Denied

In his consolidation motion, plaintiff identifies as related the following cases: *United States v. Watson*,[3] No. 1:21-mj-702 (S.D. Ohio), *United States v. Watson*, No. 1:21-cr-110 (S.D. Ohio), *El-Bey v. United States*, No. 1:21-cv-574 (S.D. Ohio), and *El-Bey v. United States Postal Service*, No. 1:21-cv-590 (S.D. Ohio).[4]  (Doc. 11 at PAGEID 174).  Case number 1:21-cr-110 charges plaintiff criminally with possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1).  Case number 1:21-mj-702 (now closed) contains only the pre-indictment proceedings underlying plaintiff's criminal case.  The criminal activity allegedly occurred on or about December 5, 2020 in Clinton County, Ohio.  *United States v. Wallace*, No. 1:21-cr-110, Doc. 1 at PAGEID 4 (S.D. Ohio Oct. 5, 2021).  The Court takes judicial notice that Franklin, Ohio (where the events alleged here occurred) is located in Warren County, Ohio and not in Clinton County, Ohio.  In addition, plaintiff's complaint alleges acts that occurred on May 24, 2021.  Plaintiff's charged criminal acts allegedly occurred on December 5, 2020.  Therefore, even if it were proper to consolidate civil and criminal cases, these cases allege unrelated acts

---

[2] 42 U.S.C. § 1983 provides, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

[3] Documents attached to plaintiff's complaint indicate that he was previously known as Jtton Edward Watson, but he changed his name to J'tton El Bey.  (Doc. 1 at PAGEID 51).  In more recent filings, he identifies himself as "J'ttonali One Eye El-Bey."  (Doc. 22).

[4] Although not mentioned in his consolidation motion, the Court notes that plaintiff continues to file additional civil actions.  *See, e.g., El-Bey v. Walker*, No. 1:21-cv-679 (S.D. Ohio), *El-Bey v. Wisecup*, No. 1:21-cv-678 (S.D. Ohio), *El-Bey v. Sylvester*, No. 1:21-cv-680 (S.D. Ohio), and *El-Bey v. FMC Lexington*, No. 1:22-cv-136 (S.D. Ohio).

that occurred in two different counties nearly six months apart and are not subject to consolidation.

*El-Bey v. United States*, No. 1:21-cv-574 (S.D. Ohio), *El-Bey v. United States Postal Service*, No. 1:21-cv-590 (S.D. Ohio), *El-Bey v. Wisecup*, No. 1:21-cv-678 (S.D. Ohio), *El-Bey v. Walker*, No. 1:21-cv-679 (S.D. Ohio), and *El-Bey v. Sylvester*, No. 1:21-cv-680 (S.D. Ohio) have previously been identified as related cases and reassigned to Judge Michael Barrett and Magistrate Judge Stephanie Bowman. *El-Bey v. United States*, No. 1:21-cv-574, at Docs. 11, 16 (S.D. Ohio Oct. 29, 2021). None of those related cases involve the May 24, 2021 events in Franklin, Ohio at issue here. Therefore, those cases are unrelated to the instant matter and should not be consolidated with this action. Accordingly, plaintiff's consolidation of action motion (Doc. 11) will be denied.

### III. Plaintiff's Motion Under Exceptional Circumstances for Special Appointment of Counsel Must be Denied

Plaintiff next moves for appointment of counsel (Doc. 14). Specifically, he alleges that officers improperly used Ohio Revised Code 2921.29—a state statute making it a fourth degree misdemeanor to refuse to disclose one's name, address, or date of birth when requested by a law enforcement officer who reasonably suspects that "[t]he person is committing, has committed, or is about to commit a criminal offense"—against him, thereby entitling him to counsel. (*Id.* at PAGE 204).

As an initial matter, the Court notes that plaintiff routinely files the same document in multiple cases, both civil and criminal.[5] He is entitled to and has received counsel in his

---

[5] Plaintiff also requests oral argument on every motion filed. Pursuant to S.D. Ohio Civ. R. 7.1, the Court finds that oral argument is not "essential to the fair resolution" of any motions addressed in this Order. Accordingly, plaintiff's requests for oral argument are denied.

3

criminal case. *United States v. Watson*, 1:21-cr-110, at Docs. 10, 55. In the motion for self-representation he filed in his criminal case, he alleges that it was the WPD (Wilmington Police Department) officers who used Ohio Revised Code 2921.29 improperly. *Id.* at Doc. 32, PAGEID 104. The WPD is not a party to this action nor referenced in plaintiff's complaint. (Doc. 1).

In addition, the law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id*. at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. Accordingly, plaintiff's motion for special appointment of counsel (Doc. 14) will be denied.

## IV. Plaintiff's Motions for Default Judgment

Plaintiff filed two separate motions for default judgment, one on November 15, 2021 (Doc. 16) and one on April 25, 2022 (Doc. 19). A party is in default when that party fails to "plead or otherwise defend" an action. Fed. R. Civ. P. 55(a). However, unless a defendant waives service or another time is specified by rule or statute, he is not required to plead or defend the action until "21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i).

Once default is shown by affidavit or otherwise, "the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Following the entry of default against a defaulting party, and where "plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). Otherwise, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Although a defaulting defendant admits liability, default does not establish damages and, instead, "the amount of damages must be proved." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (citation omitted). Thus, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and "[t]he district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). However, "a court need not conduct an evidentiary hearing 'where damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.'" *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015), *report and recommendation adopted*, 2015 WL 4540181 (S.D. Ohio Mar. 3, 2015) (quoting *Wilson v. D & N Masonry, Inc.*, No. 1:12-cv-922, 2014 WL 30016, at *1 (S.D. Ohio Jan. 3, 2014)).

In this case, plaintiff filed his first motion for default judgment on November 15, 2021. (Doc. 16). However, defendants were not served with the summons and complaint until

5

December 2021. (Doc. 18). Therefore, plaintiff's first motion for default judgment (Doc. 16) will be denied as premature.

Although plaintiff incorrectly moved for default judgment a second time (Doc. 19) before requesting the Clerk to enter default (Doc. 21), the Court notes that defendants have failed to appear and defend this action, as required by Rule 12(a). Accordingly, the Clerk is instructed to enter a default pursuant to Rule 55(a). The Court will order all defendants to show cause within 21 days from the date of this Order why default judgment should not be entered against them.

**V. Plaintiff's Motion to Correct the Spelling of His Name will be Granted**

Plaintiff next moves to correct the spelling of his first name (Doc. 22). It appears that Court personnel misread plaintiff's handwritten documents and inadvertently entered plaintiff's name as "J'Honali One Eye El-Bey" instead of "J'ttonali One Eye El-Bey." The Court will grant plaintiff's motion and instruct the Clerk of Courts to correct the spelling of his first name to "J'ttonali."

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's consolidation of action motion (Doc. 11) is **DENIED**;

2. Plaintiff's motion for appointment of counsel (Doc. 14) is **DENIED**;

3. Plaintiff's first motion for default judgment (Doc. 16) is **DENIED**;

4. Plaintiff's second motion for default judgment (Doc. 19) is **HELD IN ABEYANCE FOR 28 DAYS**;

5. The Clerk of Courts is **DIRECTED** to enter default as to defendants;

6. Defendants are **ORDERED TO SHOW CAUSE WITHIN 21 DAYS OF THE DATE OF THIS ORDER WHY PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT SHOULD NOT BE GRANTED**;

7. The Clerk of Courts is **DIRECTED** to send a copy of this Order to defendants at the address listed on the summons forms.  The Clerk is further **DIRECTED** to send a courtesy copy of this Order, plaintiff's original and amended complaints (Docs. 1, 6) and the Court's October 25, 2021 Order via certified mail to Warren County Prosecuting Attorney David Fornshell, 520 Justice Dr., Lebanon, Ohio 45036;

8. Plaintiff's motion to correct the spelling of his first name (Doc. 22) is **GRANTED**;

9. The Clerk of Courts is **DIRECTED** to correct the spelling of plaintiff's first name to "J'ttonali" in CM/ECF and in all future correspondence.

Date:  6/17/2022

Karen L. Litkovitz
United States Magistrate Judge