UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| J'TTONALI ONE EYE EL-BEY,<br>      Plaintiff, | Case No. 1:21-cv-389<br>Black, J.<br>Litkovitz, M.J. |
| v. | |
| L. WALLACE, *et al.*,<br>      Defendants. | REPORT AND RECOMMENDATION |

This matter is before the Court on plaintiff[1] J'ttonali One Eye El-Bey's motion for summary judgment (Doc. 20). No responsive memoranda were filed as defendants have yet to appear or answer in this matter.

## I. Background

Plaintiff, who travels under a Moorish American travel document (Doc. 1 at PAGEID 56), alleges that he and Taylor were driving in Franklin, Ohio on May 24, 2021, when law enforcement officers, "without any lawful purpose," "stopped, detained, threatened, assaulted, frisked, and arrested" him. (Doc. 1 at PAGEID 30). He references several inapplicable statutes (including sections of the Ohio Revised Code, banking regulations, and federal criminal statutes), but it appears he alleges that defendants violated his constitutional rights under color of state law, in violation of 42 U.S.C. § 1983.[2] Defendants have not responded to plaintiff's complaint.

---

[1] The Complaint originally included Nichole L. Taylor as a second pro se plaintiff. (Doc. 1). On June 14, 2021, the Court ordered plaintiffs to pay the full filing fee of $402 and advised plaintiffs that, if they are unable to afford the filing fee, they must each submit an application and affidavit to proceed *in forma pauperis* no later than July 14, 2021. (Doc. 2). As Taylor neither paid the filing fee nor filed the required application and affidavit, her claims were dismissed from this case on July 26, 2021. (Doc. 5).

[2] 42 U.S.C. § 1983 provides, in pertinent part:
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State
   or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United

**II. Plaintiff's Motion for Summary Judgment Should be Denied as Premature**

Plaintiff moves for summary judgment (Doc. 20). Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden to show that no genuine issues of material fact are in dispute. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 811 (6th Cir. 2011). The movant may support a motion for summary judgment with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). In responding to a summary judgment motion, the nonmoving party may not rest upon the pleadings but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

A court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. "[F]acts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis added); *see also E.E.O.C. v. Ford Motor Co.*, 782 F.3d 753, 760 (6th Cir. 2015) (*en banc*) (quoting *Scott*). A genuine issue for trial exists when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see also Shreve v. Franklin Cnty., Ohio*, 743 F.3d 126, 132 (6th Cir.

---

States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

2014). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In this case, plaintiff's one-page summary judgment motion offers no evidence whatsoever in support of summary judgment. (Doc. 20 at PAGEID 262). In addition, as defendants have not yet appeared in this action, neither party has engaged in the discovery necessary to support a summary judgment motion. Accordingly, plaintiff's summary judgment motion should be denied without prejudice as premature.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion for summary judgment (Doc. 20) be **DENIED** as premature.

Date: 6/17/2022

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

J'TTONALI ONE EYE EL-BEY,
  Plaintiff,

   v.

L. WALLACE, *et al.*,
  Defendants.

Case No. 1:21-cv-389
Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).