UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| J'TTONALI ONE EYE EL-BEY,<br>    Plaintiff, | Case No. 1:21-cv-389<br>Marbley, C.J.<br>Litkovitz, M.J. |
| v. | |
| L. WALLACE, *et al.*,<br>    Defendants. | **REPORT AND RECOMMENDATION<br>AND ORDER** |

This matter is before the Court on plaintiff J'ttonali One Eye El-Bey's second motion for default judgment filed April 25, 2022 (Doc. 19), plaintiff's motion to identify (Doc. 30), defendants' motion to set aside entry of default (Doc. 31), and defendants' motion for leave to file a responsive pleading (Doc. 34). In addition, defendants responded to the Court's June 21, 2022 Order to show cause why plaintiff's second motion for default judgment should not be granted (Doc. 33).

**I. Background**

Plaintiff, who travels under a Moorish American travel document (Doc. 1 at PAGEID 56), alleges that he was driving in Franklin, Ohio on May 24, 2021, when law enforcement officers, "without any lawful purpose," "stopped, detained, threatened, assaulted, frisked, and arrested" him. (Doc. 1 at PAGEID 30). He alleges that defendants violated his constitutional rights under color of state law, in violation of 42 U.S.C. § 1983.[1]

---

[1] 42 U.S.C. § 1983 provides, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

Defendants failed to timely respond to plaintiff's complaint so the Court directed the Clerk to enter default and ordered defendants to show cause why plaintiff's second motion for default judgment (Doc. 19) should not be granted. (Doc. 23). Defendants filed a timely response to the Court's show cause Order (Doc. 33).

According to defendants, they were not physically served with copies of plaintiff's complaint or summons, in part due to S.D. Ohio General Order No. 20-39's service allowances due to the COVID-19 pandemic. (Doc. 33 at PAGEID 322-323). Thus, defendants were unaware that they had been served and equally unaware that their responsive pleading time expired in December 2021. (Doc. 33 at PAGEID 322). Defendants now move (Doc. 31) to set aside the Clerk's default entry (Doc. 24) and for leave to file a responsive pleading (Doc. 34).

## II. Plaintiff's Second Motion for Default Judgment (Doc. 19) Should be Denied, and Defendants' Motion to Set Aside the Default Entry (Doc. 31) is Granted.

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." The Court must consider three factors in determining whether an entry of default should be set aside pursuant to Rule 55(c): "1. Whether the plaintiff will be prejudiced; 2. Whether the defendant has a meritorious defense; and 3. Whether culpable conduct of the defendant led to the default." *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 192 (6th Cir. 1986).

"[D]elay alone is not a sufficient basis for establishing prejudice . . . [as] it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011) (quoting *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)). "[W]hen the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of

a willful failure of the moving party to appear and plead." *Shepard Claims Serv., Inc.*, 762 F.2d at 194. Where there is "no pattern of disregard for court orders or rules," "the strong policy in favor of deciding cases on their merits outweighs any inconvenience to the court" or plaintiff due to a delay in answering. *Id.*

In the case at bar, there is no evidence of prejudice or willful disregard of court orders or rules. To the contrary, once defendants received the Court's show cause order, they timely filed an appropriate response. Therefore, defendants' motion to set aside the default entry will be granted, and plaintiff's second motion for default judgment should be denied.

### III. Plaintiff's Motion to Identify is Denied.

Plaintiff next moves for "the true name(s) of the defendant(s) [to] be revealed as a matter of law." (Doc. 30). Pursuant to Federal Rule of Civil Procedure 26, plaintiff may obtain this information in discovery from defendants' counsel of record. Defendants filed no opposition to plaintiff's motion to identify, and there is no indication from either party that defendants' counsel has refused to provide any discovery sought. Accordingly, plaintiff's motion to identify is denied. Plaintiff may seek that information from opposing counsel through discovery.

### IV. Defendants' Motion for Leave to File a Responsive Pleading is Granted.

Now that defendants have appeared in this action, they request leave to file a responsive pleading to plaintiff's complaints. (Doc. 34). Defendants attached a motion to dismiss (Doc. 35) to which plaintiff has already filed a response (Doc. 37). Accordingly, defendants' motion for leave to file will be granted.

### IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's second motion for default judgment (Doc. 19) be **DENIED**.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion to identify (Doc. 30) is **DENIED**;

2. Defendants' motion to set aside the entry of default (Doc. 31) is **GRANTED**;

3. Defendants' motion for leave to file a responsive pleading (Doc. 34) is **GRANTED**.

Date: 8/11/2022

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

J'TTONALI ONE EYE EL-BEY,　　　　　　Case No. 1:21-cv-389
　　　Plaintiff,　　　　　　　　　　　　　　Marbley, C.J.
　　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.
　　　v.

L. WALLACE, *et al.*,
　　　Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).