UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

J'TTONALI ONE EYE EL-BEY,　　　　　　　Case No. 1:21-cv-389
　　　　Plaintiff,　　　　　　　　　　　　　　　Marbley, C.J.
　　　　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.
　　　　v.

L. WALLACE, *et al.*,　　　　　　　　　　　ORDER
　　　　Defendants.

This matter is before the Court on pro se plaintiff J'ttonali One Eye El-Bey's motion for admission of plaintiff's live-recorded video (Doc. 57), motion to compel defendants to produce various discovery (Doc. 57), and motion for extension of time to respond to defendants' motion for summary judgment or to deny defendants' motion for summary judgment as premature (Doc. 58).  In addition, although not filed as a motion, plaintiff, a pretrial detainee at the Butler County Jail, asserts that he has not been able to view the video recording defendants submitted of the incident at issue, and he believes the filed video does not depict the entire interaction between the parties.  (Doc. 56).  Defendants responded to plaintiff's motions (Doc. 60), and plaintiff filed a reply memorandum (Doc. 62).

Also pending is defendants' motion for summary judgment (Doc. 52).  Plaintiff has responded to the motion for summary judgment (Doc. 59), and defendants filed a reply memorandum (Doc. 61).  The Court will issue a separate Report and Recommendation on defendants' summary judgment motion after the evidentiary and discovery issues discussed below have been resolved.

**I.　Plaintiff's Motion for Admission of his Live Recorded Video will be Denied.**

In addition to the police dash cam video recording of the incident at issue, plaintiff recorded his own video, apparently using Facebook Live.  (Doc. 62 at PAGEID 539; Doc. 60 at

PAGEID 530). Plaintiff now moves the Court to "admit into its record as evidence plaintiffs Live Recorded Video." (Doc. 57 at PAGEID 491). However, plaintiff has not submitted the video recording as evidence.

Pursuant to S.D. Ohio Civ. R. 7.2(e), evidence on which a party relies in support of or in opposition to a motion must be submitted to the Court. Evidence that cannot be filed as an attachment to a memorandum, such as an audio or video recording, must be authenticated and filed separately with the Clerk. S.D. Ohio Civ. R. 7.2(e); Fed. R. Evid. 901(a). Most commonly, video recordings are copied onto a thumb drive and submitted to the Clerk with an attached Notice of Manual Filing of Exhibit which authenticates, *i.e.*, identifies an item of evidence with sufficient information to "support a finding that the item is what the proponent claims it is" (Fed. R. Evid. 901(a)), such as defendants did in submitting the dash cam video in this case[1] (Doc. 55 at PAGEID 487).

In responding to plaintiff's motion, defendants note that, although they received an email with a link to the purported video, they do not have a copy of the video. Defendants object to the untimeliness of plaintiff's video submission, but they do not object to the Court viewing plaintiff's video. (Doc. 60 at PAGEID 530). Because the Court generally prefers to decide cases on their merits and defendants do not object to the Court's consideration of plaintiff's video, plaintiff will be permitted an additional thirty days to properly file and provide to defendants a copy of his video of the incident. However, the Court will deny plaintiff's motion to admit into its record as evidence plaintiffs Live Recorded Video at this time because plaintiff has not properly submitted the video recording as evidence.

---

[1] Before submitting the dash cam video, defendants filed a motion, pursuant to Section 3 of the Court's CM/ECF Procedures Manual, to file the dash cam video manually. (Doc. 51). Because plaintiff does not utilize the Court's CM/ECF electronic filing system, no such motion to file video manually is required.

**II. Plaintiff's Motion to Compel will be Denied.**

Plaintiff next moves to compel responses to various discovery requests. (Doc. 57 at PAGEID 491). Defendants oppose plaintiff's motion to compel on the bases that: (1) defendants properly responded to plaintiff's discovery requests submitted prior to the August 23, 2023 discovery deadline; (2) defendants should not be required to respond to discovery requests submitted after the discovery deadline; (3) plaintiff did not file the motion to compel until 15 days after the dispositive-motion deadline; and (4) plaintiff made no effort to exhaust extrajudicial means to resolve discovery disputes prior to filing his motion to compel, in violation of S.D. Ohio Civ. R. 37.1. (Doc. 60 at PAGEID 529-30).

Pursuant to Fed. R. Civ. P. 37, motions to compel discovery must include a certification that extrajudicial attempts have been made to secure responses to discovery requests. Rule 37(a)(1) provides, in relevant part:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion *must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery* in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1) (emphasis added). Similarly, S.D. Ohio Civ. R. 37.1 provides that motions relating to discovery "shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences."

There is no indication from plaintiff's motion that he attempted to resolve any dispute prior to filing the motion. Before plaintiff may file a motion seeking to compel discovery, he must make at least one good faith attempt to resolve discovery disputes with defendants' counsel (such as writing a letter to defendants' counsel) after he fails to receive an initial response to his

3

discovery requests. Plaintiff must include in any motion to compel discovery a certification setting forth the efforts he took to resolve the dispute before filing a motion.

Plaintiff failed to include the required certification setting forth the efforts he took to resolve any discovery disputes before filing his motion to compel. Therefore, his motion to compel will be denied.

### III. Plaintiff's Motion for Extension of Time to File Response or to Deny Defendants' Motion for Summary Judgment as Premature will be Denied.

Plaintiff next moves for an extension of time to respond to defendants' motion for summary judgment or for a denial of defendants' summary judgment motion as premature. (Doc. 58). Specifically, plaintiff asks that he not be required to respond to defendants' motion for summary judgment until after defendants comply with all of his discovery requests, including those served after the August 23, 2023 discovery deadline. (*Id.* at PAGEID 493-94). Plaintiff's motion is moot for the following reasons: (1) plaintiff has responded to defendants' summary judgment motion (Doc. 59); (2) plaintiff's motion to compel responses to the additional discovery requests will be denied; and (3) as explained below, plaintiff will be permitted to supplement his response to defendants' motion for summary judgment after he views the dash cam video defendants filed in support of their summary judgment motion. Accordingly, plaintiff's motion for an extension or to deny defendants' motion for summary judgment as premature will be denied as moot.

### IV. Plaintiff's Request to View the Dash Cam Video Defendants Submitted as Evidence will be Granted.

Plaintiff asserts that, due to his incarceration, he has been unable to view the dash cam video defendants submitted in support of their motion for summary judgment. (Doc. 56 at PAGEID 489). As defendants have relied on the recording in support of summary judgment,

plaintiff must be given the opportunity to view the video recording and to supplement his response to defendants' pending motion for summary judgment, if appropriate. *See Tolson v. Washburn*, No. 3:19-cv-00175, 2022 WL 1479942, at *3 (M.D. Tenn. May 10, 2022) (incarcerated civil rights plaintiff had right to view preserved surveillance video). Accordingly, plaintiff's request to view the dash cam video will be granted.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion for admission of his live-recorded video (Doc. 57) is **DENIED WITHOUT PREJUDICE** because plaintiff has not properly submitted the video as evidence.

2. Plaintiff's motion to compel (Doc. 57) is **DENIED**.

3. Plaintiff's motion for extension of time to respond to defendants' motion for summary judgment or to deny defendants' motion for summary judgment as premature (Doc. 58) is **DENIED AS MOOT**.

4. Plaintiff's request to view defendants' video recordings of the incident at issue (Doc. 56) is **GRANTED**. The Clerk of Court is **DIRECTED** to arrange for plaintiff to view the dash cam videos defendants filed with the Court on the thumb drive associated with Doc. 55. The United States Marshal is **DIRECTED** to transport plaintiff to the Potter Stewart United States Courthouse to view the videos, on a date mutually agreed between the United States Marshal and the Clerk of Court, no later than 15 days from the date of this Order.

5. Plaintiff may supplement his response to defendants' motion for summary judgment, if appropriate, no later than 30 days from the date of this Order.

6. Defendants may reply to plaintiff's supplemental response no later than 45 days from the date of this Order.

Date: 1/11/2024

Karen L. Litkovitz
United States Magistrate Judge